424

**CHANG TONG ZHENG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–3715–ag.

United States Court of Appeals,
Second Circuit.

Oct. 31, 2007.

Tao Lin, Caesar & Napoli, Attorneys at Law, New York, NY, for Petitioner.

Amul R. Thapar, United States Attorney for the Eastern District of Kentucky, Charles P. Wisdom Jr., Appellate Chief, Marianna Jackson–Clay, Assistant United States Attorney, Lexington, Kentucky, for Respondent.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

*SUMMARY ORDER*

Petitioner Chang Tong Zheng, a native and citizen of China, seeks review of a July 10, 2006 order of the Board of Immigration

Appeals denying Zheng's second motion to reopen, after a previous remand from this Court. *In re Chang Tong Zheng,* No. A72 183 111 (B.I.A. July 10, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005) (internal citations omitted). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

We previously remanded this case to the BIA for the purpose of allowing the BIA to re-examine the documents in the record to determine whether they demonstrated changed circumstances in China. On remand, the BIA reviewed the documents in the record, and we do not find that it abused its discretion in concluding that those documents did not prove changed circumstances. In support of his motion, Zheng submitted a copy of the Population and Family Planning Law of 2002 ("PFPL"), but the BIA correctly noted that it did not indicate any change in the family planning policy. Zheng also submitted a copy of testimony given by Dr. John Aird, which addressed the PFPL. As the BIA noted, however, this testimony does not support a finding of changed country conditions in China. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir.2006); *In re J–W–S–,* 24 I. & N. Dec. 185, 189–90 (BIA 2007). Lastly, the articles that Zheng submitted with his motion do not support his contention that Chinese citizens with more than one child born in the United States are at risk of being forcibly aborted or sterilized.

Therefore, based on the information Zheng submitted with his motion to reopen, the BIA did not abuse its discretion in finding that he failed to establish changed circumstances in China that would affect his eligibility for relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).